**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph D. Meyer, | No. MC16-0088-PHX DGC |
| Petitioner, | **ORDER** |
| v. | |
| United States of America; Internal Revenue Service; and Nancy Phipps, Revenue Agent, | |
| Respondents. | |

Petitioner Joseph D. Meyer filed a motion to quash a third party summons issued by the Internal Revenue Service and Revenue Agent Nancy J. Phipps. Doc. 1. Respondents – the IRS, Phipps, and the United States of America – replied, seeking denial of Petitioner's motion, and filed their own motion to dismiss the IRS and Phipps as parties. Doc. 5. The issues are fully briefed. Docs. 1, 5, 11, 12. No party has requested oral argument. For the reasons set forth below, the Court will deny Petitioner's motion to quash and grant Respondents' motion to dismiss.[1]

**I.  Background.**

Petitioner has not filed income tax returns for the years 2013, 2014, and 2015.

---

[1] Respondents seek "summary denial" of Petitioner's motion to quash under Rule 56, but fail to develop that argument. Their submission is in fact a motion to dismiss and a response to Petitioner's motion to quash, and the Court will treat it as such.

Doc. 6, ¶ 3. Phipps, a Revenue Agent for the IRS, was assigned to determine if Petitioner had tax liability for those years. *Id.*, ¶ 2. Phipps contacted Petitioner on August 26, 2016, and provided him with letters and publications about the IRS audit process. *Id.*, ¶¶ 4-6. One of these publications, "Publication 1, Your Rights as a Taxpayer," stated: "we sometimes talk with other persons if we need information that you have been unable to provide, or to verify information we have received." *Id.*, ¶¶ 7, 10. Petitioner did not attend a scheduled meeting with Phipps on September 7, 2016, and by September 18, 2016, Petitioner had not rescheduled the meeting, responded to Phipps' correspondence, or provided requested documents. *Id.*, ¶¶ 11-13.

On September 19, 2016, Phipps issued a third-party summons to Wells Fargo Bank, N.A., seeking Petitioner's bank records from 2013, 2014, and 2015. *Id.*, ¶¶ 14, 20. Phipps also sent Petitioner a copy of the summons and a notice informing him of his right to file a petition to quash, which he received on September 21, 2016. *Id.*, ¶¶ 17-19. Phipps received electronic access to the responsive documents from Wells Fargo on October 6, 2016, but she has not accessed them pending resolution of Petitioner's motion. *Id.*, ¶¶ 21-22.

**II.   Analysis.**

Before the Court addresses the merits of Petitioner's motion, the Court will first decide whether the IRS and Phipps are proper respondents.

**A.   Agent Phipps and the Internal Revenue Service.**

Respondents argue that Petitioner fails to state a claim against the IRS and Phipps because the United States is the only proper party to this petition. Doc. 5 at 8. Petitioner asserts various claims under 26 U.S.C. § 7602 against the IRS and Phipps in her official capacity[2] as Revenue Agent, and contends that the Court has jurisdiction pursuant to §§ 7609(b)(2)(A) and (h)(1). Doc. 1 at 1, 3-6. But Petitioner's "basis for jurisdiction, 26 U.S.C. § 7609(b), does not authorize a suit against the IRS in its own name." *Kasian v.*

---

[2] Nothing in Petitioner's motion leads the Court to read his claims as against Phipps in her personal capacity. Petitioner only refers to Phipps by her official title and only challenges her conduct as an IRS Revenue Agent. Doc. 1.

- 2 -

*IRS*, No. CV10–1462–PHX–JAT, 2010 WL 5103099, at *1 (D. Ariz. Dec. 9, 2010). And "[a] suit against IRS employees in their official capacity is essentially a suit against the United States." *Id.* (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 (9th Cir. 1985)). *See also Luke v. Abbott*, No. SA CV96–176 GLT (EEX), 1996 WL 33518028, at *8 (C. D. Cal. Dec. 4, 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and dismissing government employee sued in official capacity as a "redundant party" when government entity was also sued).

Petitioner does not state why the IRS is a proper party in light of this authority, and asserts that Phipps is properly named only because she issued the summons and allegedly failed to follow proper procedures. Doc. 11 at 4. The IRS is an improper respondent and Phipps is a redundant party. *See Kasian*, 2010 WL 5103099, at *1; *Luke*, 1996 WL 3351802, at *8. The Court will dismiss Petitioner's motion to quash as to the IRS and Phipps.

**B. The Summons is Sufficient and Was Properly Issued.**

Petitioner argues that the summons was not issued in good faith (Doc 1., ¶¶ 7-9); that it violates state and federal laws (*id.*, ¶ 10); and that the summons is deficient. The Court disagrees.

When the propriety of a summons is at issue, "[t]he IRS has the initial burden of proving that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to the purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all of the administrative steps required by the Internal Revenue Code." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met. Once the prima facie case is made, a 'heavy' burden falls upon the taxpayer to show an abuse of process, or the lack of institutional good faith." *Id.* (citations omitted).

The IRS has made a prima facie case that the summons was proper. Phipps stated

that she issued the summons for Petitioner's banking records as part of her investigation into Petitioner's income and potential tax liability. Doc. 5 at 11; Doc. 6-2, ¶¶ 2, 9-10. Phipps stated that the IRS does not have these records. Doc. 5 at 12; Doc. 6-2, ¶¶ 9-10. And Phipps stated that she complied with all administrative steps required by the Internal Revenue Code in issuing the summons. Doc. 5 at 12; Doc. 6-2, ¶ 20. The "heavy" burden now shifts to Petitioner to show bad faith. *See Dynavac*, 6 F.3d at 1414.

Petitioner makes two arguments. Doc. 1, ¶¶ 7-9; Doc. 11 at 1-4. First, citing § 7602(c)(1)-(2), Petitioner argues the IRS failed to "provide [him with] advance notice that contact with any of these third parties [was] to be made and failed to periodically provide Petitioner with a record of persons contacted[.]" Doc. 1, ¶ 7. To the contrary, Petitioner received notice in the materials provided by Phipps that the IRS might contact third parties for information. Doc. 6, ¶¶ 7, 10; Doc. 12 at 2-3. Pursuant to § 7609(a), Phipps notified Petitioner of the summons within three days of service on Wells Fargo. *See* § 7609(a); Doc. 5 at 12. Section 7602(c)(2) does not add a second notice requirement when the IRS is already required to and does notify under a different section. 26 C.F.R. §§ 301.7602-2(d)(2) ("Pre-contact notice under this section need not be provided to a taxpayer for third-party contacts of which advance notice has otherwise been provided to the taxpayer pursuant to another statute, regulation or administrative procedure."), (e)(3) (same), (e)(4) (Example 4); Doc. 12 at 3.

Petitioner also seems to argue that, because the IRS has not made "a statement that no other person(s) were contacted by the IRS," the IRS may not have complied with its notice requirements regarding other third party contacts. Doc. 11 at 3. But Petitioner does not allege what particular party or parties the IRS contacted, and does not dispute that he received notice of the summons to Wells Fargo. *Id.* at 2; Doc. 12 at 2.

Second, Petitioner contends that the summons was issued "while a referral for criminal prosecution to the Department of Justice [was] pending, which was made by the IRS in violation of Section 7602(d)(2)(A)" in order to gather information against him and harass him. Doc. 1, ¶¶ 8-9. But "[t]he IRS has not referred Petitioner to the United

- 4 -

States Department of Justice within the meaning of 26 U.S.C. § 7602(d) for the years 2013, 2014, and 2015[.]" Doc. 5 at 7, 13. In an ongoing civil case in Minnesota, the IRS is seeking "to reduce to judgment Petitioner's tax liabilities for tax years 2002 and 2009[,]" but that case is unrelated to years 2013, 2014, and 2015 and the summons at issue here. *Id.* at 13; *see* § 7602(d)(2)(A)(i).

Petitioner also argues the summons violates "the banking and constitutional [p]rivacy [l]aws of the United States . . . and the constitutional privacy laws of the State of Arizona" and requests $1,000 for each violation. Doc. 1, ¶¶ 4, 10. But Petitioner does not cite any relevant authority, and § 7602 specifically permits the IRS to issue summonses as it has done here. *Id.*, ¶ 10; Doc. 5 at 13; § 7602.

Petitioner contends that the summons is "on its face . . . deficient in that there is no evidence that the summons was issued in aid of the collection of a tax assessment." Doc. 1, ¶ 11. But Phipps stated that she sought banking records for 2013, 2014, and 2015 because those were the years at issue in her investigation into Petitioner's potential tax liability, and banking records may be relevant in determining income tax liability. Doc. 6, ¶¶ 14, 20.

**III.     Conclusion.**

The United States satisfies the *Powell* factors, and Petitioner's other arguments do not meet his heavy burden to establish that the Wells Fargo summons was improper or deficient. Accordingly, the Court will deny the motion to quash.

The Court will also deny Petitioner's request for a court order requiring the IRS to turn over all summonses and document requests it has issued, and all records that were or will be obtained in the course of its investigation. Doc. 1, ¶¶ 2-3. Petitioner's request merely restates what the IRS is already required to do, and there is no evidence the IRS has not or will not comply with its own administrative regulations.

**IT IS ORDERED:**

1. Petitioner's motion (Doc. 1) to quash the third party summons is **denied.**

2. Respondents' motion (Doc. 4) to dismiss the Internal Revenue Service and

Revenue Agent Phipps is **granted.**

3. The Clerk shall terminate this action.

Dated this 24th day of March, 2017.

David G. Campbell
United States District Judge